IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, and SELECT PORTFOLIO SERVICING INC., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 11-1155-RGA |
| LA MAR GUNN, | : : : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

The Court considers the Plaintiffs' motion (D.I. 11, pp. 13-14) that the Defendant failed to state a claim in his ninth Counterclaim. (D.I. 5, pp. 26-27). The Defendant alleges his counterclaim is based on subchapter III of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531. Section 2532 defines a "deceptive trade practice" to involve twelve different activities, mostly involving "goods" or "services." The Defendant does not specify upon which subsection he relies, nor is it obvious from his Counterclaim. There are four dates mentioned in the Counterclaim, ranging from November 21, 1997, to December 15, 2005. The Defendant's factual theory in support of the Counterclaim cannot reasonably be figured out from what he wrote. Thus, the Counterclaim should be dismissed for failure to state a claim upon which relief could be granted. It does not appear that the Defendant could plead a viable claim, even if allowed another chance. As the Delaware Supreme Court stated:

> The Act is intended to address unfair or deceptive trade practices that interfere
> with the promotion and conduct of another's business. Unlike the Consumer
> Fraud Act, the DTPA is not intended to redress wrongs between a business and its

customers.

Grand Ventures, Inc. v. Whaley, 632 A.2d 63, 65 (Del. 1993). Amendment of the claim would be futile.

Therefore, IT IS HEREBY ORDERED that the Plaintiffs' Motion to Dismiss is **GRANTED**, and the Ninth Counterclaim is dismissed with prejudice.

*[signature]*
United States District Judge   3/26/12