IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORIGINAL

U.S BANK NATIONAL ASSOCIATION as )
Trustee for the Holders of the EQCC HOME )
EQUITY LOAN ASSET BACKED )
CERTIFICATES, SERIES 1998-3 and SELECT )
PORTFOLIO SERVICING, INC., )
                                                    )   Civ. No. 11-1155-RGA
    *Plaintiffs-Counterclaim-Defendants*, )
                      -v- )
LA MAR GUNN )
    *Defendant-Counterclaimant.* )

## DEFENDANT AND COUNTERCLAIMANT'S MOTION TO DISMISS FOR IMPROPER VENUE, AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE

COMES NOW Defendant and Counterclaimant, LA MAR GUNN (hereinafter "GUNN"), propria persona, and without waving any rights, pursuant to FRCP Rule 1404(a) and 1406(a), which require this court to Dismiss the Complaint to cure a defective Venue. This case involves the construction and application of § 1404 (a) of the Judicial Code of 1948. Section 1404 (a), which allows a "change of venue" within the federal judicial system, provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U. S. C. § 1404 (a).

The parties before the court have misrepresented their authority to act on behalf of investors of the captioned trust. As a Real Estate Mortgage Investment Conduit ("REMIC"), EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3, is

established under New York Trust Law and governed by a Pooling and Servicing Agreement ("PSA"). As the court is already aware, that prior to the instant action or frivolous complaint being filed by Select Portfolio Servicing, Inc. ("SPS") and attorneys for Eckert Seamans Cherin & Mellott ("ESCM"), Gunn had already commenced an action against the subject certificateholders in the United States District Court of New York, Southern District ("SDNY"). *See Gunn v. Ambac Assurance et al.* 11 Civ. 5497 U.S. Dist. Ct. SDNY, July 26, 2011 (Exhibit A). In the original conference between the parties currently before the court, Your Honor asked the question as to why the plaintiff's claims could not be raised in New York. The SDNY is the original and proper venue for this dispute.

During a recent visit to the Clerk's office for the District Court of Delaware, Gunn learned that a status conference was held in his absence. Gunn has since provided a letter explaining the misunderstanding as to an outstanding Motion for Leave to Amend and add new parties and claims. The majority of the parties, Ambac, Credit Suisee *et al.,* are domiciled in New York, and further supports the duty of this court to Dismiss the action or transfer to the original federal district.

Gunn moves this Court under § 1404 (a) to transfer the instant action to the SDNY, where most of the alleged current and soon to be added indispensable parties reside. Although Ambac Assurance ("Ambac"), is choosing to intentionally conspire with Credit Suisse *et al.* to defraud equity investors and commit securities fraud, Gunn intends to seek the appropriate action to enjoin the Internal Revenue Service ("IRS") from acquiescing to a bankruptcy plan that is reprehensible and tainted with fraud.

Ambac and Credit Suisse as the parent of SPS have engaged in U.S. Securities violations by misrepresenting the true identity of the "Real Parties" and by fabricating information involved the the purchase and sale of securities. A recent investigation and decision by the Pennsylvania Attorney General's office found that an employee of SPS, Nikole Shelton ("Shelton"), illegally notarized bogus mortgage assignments. On April 6, 2012, a **Criminal Action** was initiated by Pennsylvania law enforcement (*Case No.: 2012-005433*) to prosecute the group of racketeers responsible for the vicious scheme implemented by Shelton and her employers SPS and General Motors Acceptance Corporation (now Ally Financial). Gunn finds that any further rulings by the court in favor of the third-party plaintiffs, would prejudice the Criminal Complaint and manifest a miscarriage of justice.

As set forth above, the indemnified certificateholders, Credit Suisse, U.S. Bank and Ambac ("Co-conspirators"), in the offer or sale of securities or securities-based swap agreements, by the use of the means or instruments of interstate commerce or by the mails, directly or indirectly, obtained money or property by means of untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities in violation of Section 17(a)(2) and (3) of the Exchange Act [15 U.S.C. § 77q(a)(2) & (3)]. These securities fraud violations have affected Gunn and thousands of other unsuspecting investors and homeowners throughout the United States.

## **PRAYER FOR RELIEF**

WHEREFORE, Gunn respectfully requests that this Court enter a judgment:

A. Dismissing Third-Party Select Portfolio Servicing, Inc.'s frivolous and unauthorized claims for failure to state a claim upon which relief may be granted;

B. Ordering Dorothy Davis to Show Cause why Rule 11 sanctions are not warranted for intentionally misrepresenting to the court that she has the authority to represent the certificateholders of EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3; and or

C. Ordering the transfer of the case to the U.S. District Court for the Southern District of New York pursuant to § 1404 (a), as the original court hearing the controversy between Gunn and Ambac Assurance as the insurance subrogee for the fully indemnified certificateholders.

April 6, 2012

Respectfully submitted,

LA MAR: GUNN, *propria persona*
Signed reserving all my rights at UCC 1-308

International Association of
Financial Crimes Investigators

Dated this 6th day of April, 2012

## CERTIFICATE OF SERVICE

I, LA MAR GUNN, hereby certify that the foregoing Document was sent by First-Class U.S. Mail to:

Francis G.X. Pileggi
Jill Agro
Dorothy Davis
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
facsimile: (302) 425-0432


Laurence Cronin
The Corporation Plaza
P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Fax: (302) 652-8405
Attorney for AMBAC ASSURANCE CORPORATION


On this Friday the 6th day of April 2012.


LA MAR: GUNN, *propria persona*
Signed reserving all my rights at UCC 1-308

1894 Windswept Circle
Dover, Delaware 19901

302-218-6407

Case 1:11-cv-01155-RGA   Document 48   Filed 04/06/12   Page 6 of 10 PageID #: 1149

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 1998-3 and SELECT PORTFOLIO SERVICING, INC., <br><br> *Plaintiffs-Counterclaim-Defendants,* <br><br> -v- <br><br> LA MAR GUNN <br><br> *Defendant-Counterclaimant.* | Civ. No. 11-1155-RGA |

### **PROPOSED ORDER**

Upon consideration of Defendant LA MAR GUNN's Motion to Dismiss for failure to state a claim or, alternatively transfer the subject case to the proper and original venue pursuant to 28 U.S.C. § 1404 (a), it is the _____ day of _____, 2012

**ORDERED** that Defendant's Motion is **GRANTED**; and

**ORDERED** that Plaintiff's Complaint is Dismissed; and or

**ORDERED** that the subject case be transferred to the federal court for the Southern District of New York.

the _____ day of April 2012.

_____
United States District Judge

# EXHIBIT A

*PRO SE OFFICE*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

**Ruby J. Krajick**
CLERK OF COURT

August 19, 2011

Re: Gunn v. AMBAC Assurance Corporation, et al.

Dear Litigant:

Please be advised that your papers were received by the *Pro Se* Office on July 26, 2011.

Your case number is 11 Civ. 5497 (UA). Please do not submit any additional documents in the above referenced matter, until a Judge has been assigned to your case.

If you have any questions, you may contact the *Pro Se* Office by letter or by telephone during our normal business hours, 8:30 a.m. - 5:00 p.m., Monday - Friday (except federal holidays). Please note that we cannot accept collect calls.

Sincerely,

M. Santiago
*Pro Se* Clerk
(212) 805-0175

## IMPORTANT NOTE:

YOU MUST IMMEDIATELY NOTIFY THE COURT OF ANY CHANGE OF ADDRESS BY SUBMITTING A LETTER TO THE *PRO SE* OFFICE OR YOU MAY RISK DISMISSAL OF YOUR CASE.

# EXHIBIT B

**The New York Times**
# DealB%k
Edited by Andrew Ross Sorkin

---

APRIL 3, 2012, 7:29 PM

## Review Finds Possible Flaws in More Than 138,000 Bank Foreclosures

*By NELSON D. SCHWARTZ and JESSICA SILVER-GREENBERG*

The nation's biggest banks may have put the huge $25 billion settlement over bad foreclosure practices behind them, but that doesn't mean their mortgage troubles are over.

A separate review — this time by independent consultants on behalf of the Office of the Comptroller of the Currency — flagged more than 138,000 cases for possible flaws in the foreclosure process at the nation's largest mortgage servicers. Those include foreclosures involved with the so-called robo-signing scandal, in which bank representatives churned through hundreds of documents a day in foreclosure proceedings without reviewing them for accuracy.

The review is part of a broader crackdown by regulators on sloppy, inaccurate documents used in foreclosure proceedings. Last November, the major mortgage servicers began to comb through foreclosure records in an effort to spot any containing problems with documentation as part of a broader settlement they reached in April 2011 with the Office of the Comptroller of the Currency. As part of that process, the banks had to hire independent consultants to conduct the review.

Separately, consumers who believe that they have suffered financial injury as a result of wrongful foreclosures have until July 31 to request an independent review of their cases. So far, 136,276 customers have requested such a review.

Among the institutions undergoing review are Aurora Bank, Bank of America, Citigroup, EverBank, HSBC, JPMorgan Chase, MetLife Bank, OneWest, PNC, Sovereign, US Bank and Wells Fargo.

Most of the banks have contacted customers whose cases are eligible for an independent review under the O.C.C. consent order, but only a small percentage of customers have responded so far. Only about 3 percent of homeowners who have been contacted have asked for the independent review. Customers who legally entered the foreclosure process in 2009 and 2010 are eligible for examination of their cases.

Copyright 2012 The New York Times Company | Privacy Policy | NYTimes.com 620 Eighth Avenue New York, NY 10018