IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

U.S. BANK NATIONAL ASSOCIATION as
Trustee for the Holders of the EQCC Home
Equity Loan Asset Backed Certificates,
Series 1998-3 and SELECT PORTFOLIO
SERVICING, INC.,

                Plaintiffs,

v.

LA MAR GUNN,

                Defendant.

Civ. No. 11-1155-RGA

Francis G. X. Pileggi, Esq.; Jill Kornhauser Agro, Esq.; Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware; Counsel for Plaintiffs.

La Mar Gunn, Dover, Delaware; pro se defendant.

**MEMORANDUM OPINION**

May 17, 2012
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Pending before the Court are Defendant's Motion for Leave to File an Amended Complaint, Motion for Reconsideration and Motion to Dismiss or to Transfer. (D.I. 41, 45, 48.) For the reasons given below, the Court will deny the motions.

The background of this case is set forth in the March 16, 2012 Memorandum Opinion. (D.I. 38). Plaintiffs filed their Complaint on November 21, 2011, and Defendant answered and raised counterclaims against Plaintiffs. (D.I. 1, 5.) Upon motion, the Court dismissed the counterclaims on February 8, 2012 and March 26, 2012, respectively. (D.I. 23, 42.) In the meantime, on February 23, 2012, Defendant filed "Defendant and Counterclaimant's First Amended Complaint" without seeking leave of court and it was stricken on March 16, 2012. (D.I. 32, 38, 39.)

On March 20, 2012, Defendant filed a Motion for Leave to File an Amended Answer with Counterclaims and to Add Parties (D.I. 41), opposed by Plaintiffs. (D.I. 43.) Defendant failed to attach to his Motion a copy of the amended pleading as required by D. Del. L.R. 15.1(b) and, therefore, failed to apprise the Court of the proposed amendment, counterclaims, or new parties. The Court will deny the Motion without prejudice and will allow Defendant additional time to file a Motion to Amend in compliance with the Local Rules of this Court.

Defendant moves for reconsideration of the March 26, 2012 Order that dismissed Defendant's Ninth Counterclaim. (D.I. 45) The Court will deny the motion. "The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.' *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A proper [motion to reconsider] must rely on one of three

2

grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the record, including the instant Motion for Reconsideration and Plaintiffs' opposition. Defendant has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's March 26, 2012 Order.

Defendant moves to dismiss the Complaint for improper venue (i.e., Fed. R. Civ. P. 12(b)(3)) and for failure to state a claim upon which relief may be granted (i.e., Fed. R. Civ. P. 12(b)(6)) or, in the alternative, to transfer venue pursuant to 28 U.S.C. §§ 1404 and 1406. (D.I. 48.) Plaintiffs oppose the motion and argue that it lacks any basis to support the relief requested. (D.I. 51). The Court will deny the motion.

The Court first notes that Defendant provides no argument to support his motion to dismiss for failure to support a claim upon which relief may be granted. Rather, he focuses on venue, arguing that it is proper in the United States District Court for the Southern District of New York ("SDNY"). Plaintiff asserts venue is proper in the SDNY on the following grounds: (1) he has commenced a different case in the SDNY; (2) Ambac and Credit Suisse, who are soon to be added indispensable parties, are domiciled in New York; (3) he intends to seek appropriate action to enjoin the Internal Revenue Service from acquiescing to a reprehensible and fraudulent bankruptcy plan; (4) a criminal action was initiated by Pennsylvania law enforcement regarding bogus mortgage assignments; and (5) Credit Suisse, U.S. Bank and Ambac engaged in securities fraud violations.

3

Plaintiffs could properly file their case in the District of Delaware. It is a proper venue, as the case concerns real property in this District.

When a case is filed in the wrong court, § 1406(a) allows a court to either dismiss an action for improper venue or transfer it to another district in which the action could have been brought. 28 U.S.C. § 1406(a). Since the present case is filed in a proper venue, § 1406(a) is inapplicable.

Even a case that is filed in a proper venue can be transferred to a different venue. The statutory authority for such a transfer is § 1404(a) of Title 28, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] The burden of establishing the need for transfer is on the movant, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), which in this case is Mr. Gunn. The Third Circuit has set forth the framework for analysis:

> "[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."
>
> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a).
>
> The private interests have included: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their

---

[1] Section 1404 was amended subsequently to the filing of this lawsuit.

4

relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interests have included: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted and numbering added).

Defendant's request to transfer is primarily based on the proposition that he filed suit first against Ambac in the SDNY. (D.I. 48, pp. 2-3). This would constitute a strong argument for transfer if Ambac had subsequently sued him here, or if the New York case was otherwise more or less the same case as the one in Delaware. The two cases are different. The New York case, according to the Defendant, is about a conspiracy to defraud equity investors and to commit securities fraud. The Defendant also represents that he intends to bring the IRS into the case and to litigate issues relating to a bankruptcy. The Delaware case involves very narrow issues relating to one piece of real property located in Delaware. The Counts of the Complaint indicate the local nature of the lawsuit. The Counts are captioned, "Trespass to Real Estate," "Conversion," "Unjust Enrichment," "Tortious Interference with Prospective Business Opportunities," "Slander of Title," and "Abuse of Process." All of the counts involve activities related to the one piece of Delaware real estate. In addition, the Defendant is a resident of Delaware. The only *Jumara* factor that favors transfer is that the Defendant wants to transfer the case. On the other hand, Plaintiffs chose Delaware, the claims are based on Delaware law (about which the undersigned would be more

familiar than a judge elsewhere), the matter is of local interest, and it seems likely that such documents and witnesses as might be necessary for a trial are likely to be in Delaware and likely to be outside of the trial subpoena power of the SDNY.   There is no basis to transfer this case.

Contained in the Motion to Dismiss is a request for an order for Rule 11 sanctions against Dorothy Davis.  The motion is without support and is frivolous.  The Court will deny the motion for an order for Rule 11 sanctions.

For the above reasons, the Court will deny all of Defendant's pending motions, including the Motion for Leave to File an Amended Complaint (D.I. 41), Motion for Reconsideration (D.I. 45), and Motion to Dismiss or to Transfer (D.I.48).

An appropriate order will be entered.