IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3 and SELECT PORTFOLIO SERVICING, INC., : : : : : : : | |
| Plaintiffs, : | |
| v. : | Civ. No. 11-1155-RGA |
| LA MAR GUNN, : : | |
| Defendant. : | |

## MEMORANDUM

On June 4, 2012, the Court denied Defendant LaMar Gunn's Motion for an Extension of Time to file a First Amended Answer. (D.I. 79, 84.) Defendant filed a Notice of Appeal of the Order and an Application to Proceed without Prepaying Fees or Costs on Appeal. (D.I. 101, 102.) The Court denied the Application on July 17, 2012. (D.I. 103.) Now before the Court are Defendant's Motions for Reconsideration for each order. (D.I. 91, 105.) For the reasons discussed below, the Court will deny the Motions.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

On February 8, 2012, the Court entered a Scheduling Order that provided for amendment of pleadings on or before February 22, 2012. (D.I. 24.) On May 17, 2012,

the Court granted Defendant's Motion for Leave to File an Amended Answer in compliance with the Local Rules of the Court. (D.I. 63.) Defendant was given fourteen days from the date of the Order to file the Amended Answer. On May 30, 3012, Defendant filed a Motion for an Extension of Time of thirty days to file the Amended Answer. (D.I. 79.) The Court denied the motion finding that the discovery cut-off had passed and no good cause had been shown for an extension. (D.I. 84.) Federal Rule Civil Procedure 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent.

Defendant seeks reconsideration on the grounds that he has discovered a number of new facts that require more time for him to prepare his amended response and to conduct discovery. (D.I. 91.) He contends that his "substantial rights stand to be affected if blocked from introducing new evidence and extending discovery." (*Id.*) Plaintiffs oppose the motion. (D.I. 95.)

The court has reviewed Defendant's motion and the other filings of record. Defendant refers to newly discovery evidence but does not state what that evidence might be. Defendant has failed to demonstrate any of the grounds necessary to warrant reconsideration of the Court's June 4, 2012 Order. (*See* D.I. 84.) Nor has Defendant provided adequate reasons for this Court to extend the discovery deadline. Therefore, the Court will deny the Motion for Reconsideration.

One month after Defendant filed the Motion for Reconsideration found at Docket Item 91, he filed a Notice of Appeal of the June 4, 2012 Order. (*See* D.I. 101.) Concurrent with the filing of the Notice of Appeal, Defendant filed an Application to Proceed without Prepaying Fees or Costs on Appeal. (D.I. 102.) The Court denied the Application based upon Defendant's reported annual income of $33,600.00. (D.I. 103.) Defendant moves for reconsideration on the grounds that he has been granted

permission to proceed *in forma pauperis* in several courts including the United States District Court for the Southern District of New York, the Supreme Court of the State of Delaware and the Superior Court of the State of Delaware. (D.I. 105.) Plaintiffs oppose the motion. (D.I. 106.)

The Defendant has not been previously granted *in forma pauperis* status in this case because the issue has not needed to be addressed, inasmuch as it was not his choice to begin this litigation. It is his choice to file an appeal, and therefore, pursuant to Fed. R. App. P. 24(a)(1), if he wants to proceed *in forma pauperis*, he needed to make a motion to do so.

The Rule of Appellate Procedure follows from the *in forma pauperis* statute, 28 U.S.C. § 1915, which "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Douris v. Middletown Twp.*, 293 F. App'x 130, 131 (3d Cir. 2008) (citing *Deutsch v United States,* 67 F.3d 1080, 1084 (3d Cir. 1995)). Section 1915(a) allows a litigant to commence a civil action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Id.* at 131-32 (citing *Neitzke,* 490 U.S. at 324). In the appellate context, it also requires that the litigant state the issue he intends to present on appeal. Based on the record, it is clear that the appellate issue he wants to present involves denying him more time to amend his answer. This is a classic interlocutory appeal, and therefore the Court of Appeals is without jurisdiction. While I cannot say that the Defendant has appealed in bad faith (as I have no reason to believe

3

that he knows any better), the appeal is the equivalent of a bad faith appeal. Nevertheless, I have denied leave to proceed *in forma pauperis* entirely on the financial information submitted.

Whether to grant or deny a request to proceed *in forma pauperis* lies within the sound discretion of the trial court. *Jones v. Zimmerman,* 752 F.2d 76, 78 (3d Cir. 1985). "[I]n order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 601 (3d Cir. 1989).

A court's decision whether to grant *in forma pauperis* status is based solely on the economic eligibility of the plaintiff. *See Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir. 1976). The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis. Deutsch,* 67 F.3d at 1084 n.5. Economic eligibility does not require that a litigant subject himself to complete destitution to maintain his lawsuit. *See Jones v. Zimmerman,* 752 F.2d at 79.

4

Defendant provides no new information. His affidavit of poverty indicates that he has an adequate income to pay the required filing fee on appeal. While Defendant refers to the grant of *in forma pauperis* status by other courts, this Court does not know what information was considered by those courts. Nor did Defendant provide that information to the Court. Defendant has failed to demonstrate any of the necessary grounds to warrant reconsideration of the Court's July 17, 2012 Order. Therefore, the Court will deny the Motion for Reconsideration.

An appropriate Order will issue.

_____
UNITED STATES DISTRICT JUDGE

August 1, 2012
Wilmington, Delaware