## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3 and SELECT PORTFOLIO SERVICING, INC., : : : : : : : Plaintiffs, : : v. : : LA MAR GUNN, : : Defendant. : | Civ. No. 11-1155-RGA |

### **MEMORANDUM**

Having considered three pending motions (D.I. 80, 89, 111);

Plaintiffs move to quash subpoenas (D.I. 80) issued by Defendant on the grounds that they are untimely, violate Fed. R. Civ. P. 45, are overly broad, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant opposes the motion and notes that counsel for Plaintiffs failed to include a good faith certification that the parties attempted to resolve the issue as is required by Fed. R. Civ. P. 37(a)(2). Because Defendant proceeds pro se, this Court's Local Rules do not require an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. See D.Del. LR 7.1.1. During hearing on September 10, 2012, Defendant indicated that, for the most part, he had received the discovery sought pursuant to subpoena. The Court further stated that it would not enforce the subpoenas to the extent the Defendant had not gotten everything he asked for.

Therefore, the Court will deny the Motion as moot.

Defendant filed a Motion for Mandatory Judicial Notice and Request for an Evidentiary Hearing (D.I. 89) to address the issue of "fraudulent, vexatious, and unclean hands actions on behalf of the plaintiff." The motion is without support and will be denied.

On June 4, 2012, the Court denied Defendant LaMar Gunn's Motion for an Extension of Time to file a First Amended Answer (D.I. 79). (*See* 84.) Defendant filed a Notice of Appeal of the Order (D.I. 101) and an Application to Proceed without Prepaying Fees or Costs on Appeal (D.I. 102). The Court denied the Application on July 17, 2012. (*See* D.I. 103.) Defendant sought reconsideration of the Order denying his Application to Proceed without Prepaying Fees or Costs on Appeal (D.I. 105), which was denied by the Court on August 1, 2012. (See D.I. 108.) Defendant recently filed a Second Motion to Reconsider (D.I. 111). For the reasons discussed below, the Court will deny the Motion.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Defendant seeks reconsideration on the grounds that the Court has misstated his income, that he was granted leave to proceed in forma pauperis in the United States District Court for the Southern District of Ne York, and that his income continues to decline. (D.I. 111) Defendant's arguments are similar to those raised in his previous

2

motion for reconsideration, denied by this Court.

Defendant has failed to demonstrate any of the necessary grounds to warrant reconsideration of the Court's July 17, 2012 Order. Therefore, the Court will deny the Second Motion for Reconsideration.

An appropriate Order will issue.

*[signature]*
UNITED STATES DISTRICT JUDGE

September 10, 2012
Wilmington, Delaware