IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3 and SELECT PORTFOLIO SERVICING, INC., | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civ. No. 11-1155-RGA |
| LA MAR GUNN, | : : | |
| Defendant. | : : | |

Francis G. X. Pileggi, Esq., Dorothy Davis, Esq., and Jill Kornhauser Agro, Esq., Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware; Counsel for Plaintiffs.

La Mar Gunn, Camden Wyoming, Delaware; pro se Defendant.

## MEMORANDUM OPINION

December 10, 2012
Wilmington, Delaware

Runard G. Andur

**ANDREWS, U.S. District Judge:**

Pending before the Court is Defendant's Verified Motion to Dismiss (D.I. 65) and Plaintiffs' Letter/Motion to Compel (D.I. 70). For the reasons given below, the Court will deny Defendant's Motion and will grant Plaintiffs' Motion.

Defendant La Mar Gunn moves for dismissal pursuant to Fed. R. Civ. P. 12(b) on the following grounds: (1) lack of diversity jurisdiction; (2) Plaintiffs' lack of standing to assert the rights of certificateholders; (3) judicial estoppel; (4) securities fraud; and (5) failure to state a claim upon which relief may be granted. (*See* D.I. 66. Some of these differ from what Defendant states in his motion – D.I. 65 – and, to the extent they differ, the Court will consider the Defendant's fuller arguments in his Memorandum). Plaintiffs oppose the motion and argue that it lacks any basis to support the relief requested.

Initially, the Court notes that, with the exception of the lack of jurisdiction issue, Defendant's arguments either repackage earlier arguments that were denied, or are unintelligible to the Court. The Court will not revisit the issues. (*See* D.I. 15, 23, 48, 62.). Accordingly, the only issue the Court addresses is the challenge to subject matter jurisdiction - an issue which may be raised at any time. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 576 (2004)

The Complaint was filed on November 21, 2011 and asserts jurisdiction by reason of diversity of the parties, pursuant to 28 U.S.C. § 1332. (D.I. 1.) At that time, Plaintiff U.S. Bank National Association, as Trustee for the holders of the EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3 ("U.S. Bank") was the record owner of residential property located at 201 Cornwell Drive, Bear, Delaware 19701 (the

2

"Property"). Plaintiff Select Portfolio Servicing, Inc. ("SPS") is the servicing agent and attorney-in-fact for U.S. Bank. The Complaint raises claims under Delaware law for trespass to real estate, conversion, unjust enrichment, tortious interference with prospective business opportunities, slander of title, and abuse of process.

Defendant contends that the Court should dismiss the Complaint due to a lack of subject matter jurisdiction because the Complaint fails to establish that the parties are diverse. Defendant argues that the Complaint contains no allegations identifying the citizenship of the unnamed certificateholders and, therefore, Plaintiffs have failed to properly allege diversity jurisdiction. Defendant further contends that U.S. Bank's naming of non-existent John Doe certificate holders of an unknown number, intentionally misrepresents that the "unnamed certificate plaintiff certificateholders" are persons. Plaintiffs argue in part that, because the motion includes extrinsic evidence, it must be treated as a motion for summary judgment and, further, it raises arguments without any legal support. In addition, they contend that subject matter jurisdiction is appropriate as a matter of law.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the Complaint and documents referenced in or attached to the complaint. *See Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A complaint survives a facial attack on subject

3

matter jurisdiction if Plaintiffs' allegations, which are taken as true, sufficiently provide a basis for subject matter jurisdiction.

In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the Complaint, and the presumption of truthfulness does not attach to the allegations in the Complaint. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence. *Id.* at 189.

Federal district courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). In analyzing diversity, a natural person is deemed to be a citizen of the state where he is domiciled, *see Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010), a corporation is a citizen both of the state where it is incorporated and the state where it has its principal place of business, *see id.*, and a national banking association is considered a citizen of "the State designated in its articles of association as its main office," *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). In addition, the citizenship of a trustee who

4

possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, and not of the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980). *See e.g., Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 203 (3d Cir. 2007). In determining the citizenship of a trust, the court looks to the citizenship of both the trustee and the beneficiary. *See id.* "*Navarro* is not implicated because it dealt with a situation in which the trustees brought the action in their own names, a situation different from that here in which the trust is the plaintiff.").

This suit is brought by the Trustee. Thus, *Navarro* controls on the question of U.S. Bank's citizenship.   Paragraphs 1 through 3 of the Complaint allege diversity exists because U.S. Bank's main office is in Minneapolis, Minnesota, SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah, Defendant is a resident of Dover,  Delaware, and the amount in controversy exceeds $75,000.00. Based upon the allegations in the Complaint, it survives a facial attack on subject matter jurisdiction.

It appears that Defendant attempts to make a factual attack on subject matter jurisdiction as he refers to, and relies upon, evidence that was not was provided to the court, with the exception of a "Securitization Report" attached as Exhibit A.  (D.I. 66). The Report appears to be Defendant's analysis of the case,[1] and provides no support for his position.  Defendant's bald assertions do not provide evidence to contradict the

---

[1] It is signed by Defendant as "Bloomberg Researcher/Financial Fraud Investigator" (D.I. 66, at 42) and appears to be prepared by "Gunn Wealth Management" for the Defendant.

claims of citizenship as alleged in the Complaint. Notably, Defendant's factual attack on diversity of citizenship is devoid of evidentiary support and fails as a matter of laws. *See e.g., Ibanex v. U.S. Bank Nat'l Ass'n*, 2011 WL 5928583, at *2 (D. Mass. Nov. 29, 2011) (citizenship of U.S. Bank as Trustee is defined by the citizenship of the Trustee, not the citizenship of the Trustee's certificateholders). Therefore, the Motion to Dismiss will be denied.

Plaintiffs served discovery requests upon Defendant on February 22, 2012. (D.I. 22.) When Defendant did not timely respond to the discovery, Plaintiffs filed a Letter/Motion to Compel (D.I. 49), granted by the Court on April 18, 2012 (D.I. 55), that required Defendant to respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents no later than April 25, 2012. Plaintiffs advise the Court that the responses are evasive and incomplete and they seek assistance from the Court in obtaining discovery from Defendant. (D.I. 70.)

Defendant's discovery responses were filed on May 1, 2012. (*See* D.I. 58.) He filed objections to the interrogatories and the request for production of documents. However, because Defendant did not timely respond to the interrogatories, all objections are waived and he is required to answer the interrogatories. *See* Fed. R. Civ. P. 33(b)(4). With regard to the request for production of documents, the objections based upon attorney client and/or work product privileges are not well-taken. While Defendant responded to the Request for Production of Documents, in most of his responses he instructed Plaintiffs to "see documents produced on the enclosed CD-ROM." (D.I. 58.) The broad responses do not adequately respond to each request as they do not indicate what documents are responsive to each request. Therefore,

6

Defendant will be ordered to provide complete answers to interrogatories and to supplement his response to the  request for production by specifying which documents contained on the CD-ROM, if any, are responsive to each Request for Production of Documents.

For the above reasons, the Court will deny Defendant's Motion (D.I. 65) and will grant Plaintiffs' Motion (D.I. 70).

An appropriate order will be entered.