IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3 and SELECT PORTFOLIO SERVICING, INC., : : : : : : : Plaintiffs, : : v. : Civ. No. 11-1155-RGA : LA MAR GUNN, : : Defendant. : | |

Francis G. X. Pileggi, Dorothy Davis, and Jill Kornhauser Agro, Esquires; Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware; Counsel for Plaintiffs.

La Mar Gunn, Dover, Delaware; pro se defendant.

**MEMORANDUM OPINION**

April 8, 2013
Wilmington, Delaware

*[signature: Richard G. Andrews]*
**ANDREWS, United States District Judge:**

Pending before the Court are Defendant's Motion to Interplead or, in the alternative, Dismiss Action under Rules 12(b)(7) and 19(a) and (b) for Failure to Join Parties (D.I. 124), Motion to Strike Answer of Francis G.X. Pileggi for Lack of Capacity (D.I. 128), Motion to Reconsider Orders Granting Plaintiffs' Motion for Contempt, its Order Demanding Pro Se Defendant be Sanctioned by Way of Attorney's Fees in the Amount of $1,960 and Request for Oral Argument (D.I. 143), and Motion to Extend Discovery Deadline and for Explanation of Order (D.I. 144), all opposed by Plaintiffs.

The background of this case is set forth in the March 16, 2012 Memorandum Opinion and Order. (D.I. 38, 39.) Plaintiffs filed their Verified Complaint on November 21, 2011, and Defendant answered and raised counterclaims against Plaintiffs. (D.I. 1, 5.) On February 8, 2012, the Court entered a scheduling order (D.I. 24) that set forth a February 22, 2012 deadline for the joinder of other parties and amendment of pleadings (*id.* at ¶ 2), a discovery deadline of April 8, 2012 (*id.* at ¶ 3.a.), and a dispositive motion deadline of July 8, 2012 (*id.* at ¶ 7.). Gunn filed the Motion to Interplead or, in the alternative, Dismiss Action under Rules 12(b)(7) and 19(a) and (b) for Failure to Join Parties (D.I. 124) on October 11, 2012, well past the deadlines to do so. No explanation was offered. Therefore, the Motion will be denied. Even if it were considered on the merits, it is clearly insufficient.[1]

On October 24, 2012, Gunn filed a Motion to Strike Answer of Francis G.X. Pileggi for Lack of Capacity (D.I. 128). In reviewing the pleading, it states that it seeks

---

[1] Some of the arguments in the motion have nothing to do with the caption of the motion. The Court expresses no opinion on the unrelated arguments.

to strike an "answer" without specifying in any understandable way which "answer" it is seeking to strike. The arguments in the motion would not support striking any document, be it denominated an "answer" or something else. Accordingly, the Motion will be denied.

Gunn moves for reconsideration (D.I. 143) of two December 10, 2012 Orders. One Order granted in part and denied in part Plaintiffs' Motion for Contempt (D.I. 138) and the other Order awarded Plaintiffs attorney's fees as a result of discovery sanctions imposed upon Gunn. (D.I. 139). Gunn requests oral argument.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the record, as well as the instant Motion to Reconsider and Plaintiffs' opposition. There is no need for oral argument. Further, the Court finds that Gunn has failed to demonstrate any of the aforementioned grounds to warrant reconsideration of the Court's December 10, 2012 Orders (D.I. 138, 139). Therefore, the Court will deny the Motion.[2]

On December 10, 2012, the Court ordered Gunn to provide complete answers to Plaintiffs' Interrogatories and to supplement his response to Plaintiffs' Request for

---

[2] The request that the Court certify the order for interlocutory appeal (D.I. 143 at 16) is denied.

Production of Documents by specifying which documents on a CD-ROM, if any, were responsive to Plaintiffs' Requests. (*See* D.I. 141). Gunn was to provide the discovery no later than December 21, 2012. On the date the discovery was due (i.e., December 21, 2012), Gunn filed a Motion to Extend Discovery Deadline and for Explanation of Order (D.I. 144). Gunn asks the Court for a detailed explanation of what is necessary for him to satisfy the discovery production. The Court, however, does not provide legal advice. He is to respond to the discovery requests to the best of his ability and in accordance with the Federal Rules of Civil Procedure. In addition, Gunn seeks oral argument. Oral argument, however, is not necessary for ruling on this motion.

Gunn explains that he experienced a catastrophic event at his home this past Spring and that all his files were destroyed. He seeks to obtain copies of Plaintiffs' discovery requests, copies of his responses, a copy of the CD-ROM, and asks for additional time to respond to the December 10, 2012 Order. (D.I. 141). Gunn has access to the Court's Case Management/ Electronic Case Files ("CM/ECF"). Therein, he has to ability to obtain copies of Plaintiffs' discovery requests at Docket Item Number 31 and his responses thereto at Docket Item 58. With regard to the CD/ROM, Plaintiffs indicate they would have provided Gunn a copy, had he made the request. Inasmuch as Plaintiffs have the CD/ROM in their possession and would have provided a copy to Gunn upon request, the Court will order them to provide Gunn a copy. Finally, the Court will grant the motion to the extent that Gunn will be given a short extension to respond to the discovery as outlined in this Court's December 10, 2012 Order. (D.I. 141).

For the above reasons, the Court will deny the Motion to Interplead or, in the alternative, Dismiss Action under Rules 12(b)(7) and 19(a) and (b) for Failure to Join Parties (D.I. 124) and Motion to Strike Answer of Francis G.X. Pileggi for Lack of Capacity (D.I. 128). The Court will deny the Motion to Reconsider Orders Granting Plaintiffs' Motion for Contempt, its Order Demanding Pro Se Defendant be Sanctioned by Way of Attorney's Fees in the Amount of $1,960 and Request for Oral Argument (D.I. 143). Finally, the Court will grant the Motion to Extend Discovery Deadline and for Explanation of Order (D.I. 144) to the extent that Plaintiffs shall provide Gunn with a copy of the CD/ROM and Gunn will be given a brief extension of time to respond to discovery as set forth in the December 10, 2012 Order.

An appropriate order will be entered.