IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC Home Equity Loan Asset Backed Certificates, Series 1998-3 and SELECT PORTFOLIO SERVICING, INC., : : : : : : : | |
| Plaintiffs, : | |
| v. : | Civ. No. 11-1155-RGA |
| LA MAR GUNN, : : : | |
| Defendant. : | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of April, 2013,

IT IS HEREBY ORDERED that:

On December 10, 2012, the Court granted Plaintiffs' Motion for Contempt against Defendant La Mar Gunn for violation of an injunction as to asserted violation 5, and otherwise denied the remainder of the Motion. (D.I. 138). The Court directed Plaintiffs to submit a letter explaining the sanction they believed appropriate in light of the Court's ruling. Defendant was allowed three weeks to respond to Plaintiffs' letter. Plaintiffs filed their letter (D.I. 142) on December 19, 2012. On December 21, 2012, Defendant filed a Motion to Reconsider the December 10, 2012 Order (D.I. 143), but filed no response to Plaintiffs' December 19, 2012 letter. The Court will separately deny the Motion to Reconsider.

"Sanctions for civil contempt serve two purposes: 'to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.'" *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir.

1984). The court is "guided by the principle that sanctions imposed after a finding of civil contempt to remedy past noncompliance with a decree are not to vindicate the court's authority but to make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed." *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (citation omitted).

Having reviewed Plaintiffs' submission seeking compensatory sanctions in the form of reasonable attorneys' fees, the Court concludes that, under the circumstances, the imposition of sanctions is appropriate. Plaintiffs seek sanctions in the amount of $5,364.00 in securing the adjudication of contempt.[1]

Plaintiffs, however, were only successful on one of the ten claimed grounds of contempt. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), instructs that District Courts may need "to adjust the fee upward or downward" based on considerations such as "the degree of success obtained." Hence, the Court may reduce the attorneys' fees accordingly but it is not required that the fee be reduced under a proportionality rule. *See, e.g., Smith v. Borough of Dunmore*, 633 F.3d 176, 184 (3d Cir. 2011); *United Auto Workers v. Metro Auto Ctr.*, 501 F.3d 283, 295 (3d Cir. 2007).

Having considered the degree of success obtained, the Court reduces the requested amount by fifty percent to $2,682.00. The Court determines that the fifty percent reduction of Plaintiffs' actual, reasonable attorneys' fees incurred in the prosecution of the contempt motion suffices to restore Plaintiffs to the position they would have held had the injunction been obeyed. The Court makes this estimate based on its experience that there are economies of scale to bringing multiple claims at the

---

[1] Plaintiffs did not include all costs and expenses, including travel expenses, incurred.

same time, and thus believes that bringing the one successful claim would likely have required about fifty percent of the effort of bringing the ten claims..

Thus, **IT IS ORDERED** that within thirty (30) days from the date of this Order, Defendant shall remit payment in the sum of $2,682.00 directly to Eckert Seamans Cherin & Mellott, LLC, the law firm that represents Plaintiffs.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE