# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

U.S. BANK NATIONAL ASSOCIATION as  :
Trustee for the Holders of the EQCC Home  :
Equity Loan Asset Backed Certificates,  :
Series 1998-3 and SELECT PORTFOLIO  :
SERVICING, INC.,  :
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiffs,  :
　　　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　　:　　Civ. No. 11-1155-RGA
　　　　　　　　　　　　　　　　　　　　　　　　　:
LA MAR GUNN,  :
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant.  :

## MEMORANDUM

At Wilmington, having considered Defendant's pending motions (D.I. 178, 179, 183, 184);

Motions for Reconsideration. On March 4, 2014, the Court struck as untimely Defendant's cross-motion for summary judgment (D.I. 150) and motion to dismiss (D.I. 159), and denied motions to strike (D.I. 164, 171), a motion to disqualify Plaintiffs' counsel (D.I. 165), and a motion for an independent inquiry and order to show cause (D.I. 166). (See D.I. 174,175). On March 25, 2014, the Court denied Defendant's motion to dismiss. (D.I. 159). (See D.I. 180, 181). Defendant moves for reconsideration (D.I. 178, 183) of both Orders. For the reasons discussed below, the Court will deny the Motions.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the record[1], as well as the pending Motions for Reconsideration and Plaintiffs' oppositions. The Court finds that Defendant has failed to demonstrate any of the necessary grounds to warrant reconsideration of the Court's March 3 and March 25, 2014 Orders.[2] Therefore, the Court will deny the Motions.

Motion for Mandatory Judicial Notice. Defendant filed a Motion for Mandatory Judicial Notice and Request for an Evidentiary Hearing (D.I. 179) for the Court to take judicial notice of alleged fraud on the court by officers of the court pursuant to Pennsylvania's Notary Public Law governing unlawful acts of a notary. In essence, the fraud on the court is alleged to be that the Plaintiffs and/or counsel won in state court through the use of fraudulent documents. The place to make that claim was in the state courts. This Court cannot entertain a collateral attack on the state court judgment and decisions. Further, it is evident that a claim of fraud in the state court proceedings is not the kind of "adjudicative fact" that meets the requirements of Fed. R. Evid. 201(b)(2). The Motion will be denied.

Discovery. Defendant filed a Motion to Extend Discovery for In Camera Inspection and for Production of Documents (D.I. 184). Defendant seeks to have the Court inspect "disputed documents believed to have been fabricated by the plaintiffs and bringing a fraud upon the court." The discovery deadline has long passed, having ended on April 8, 2012. (D.I. 24). Defendant was granted additional time, until May 3,

---

[1] When I say "record," I refer to the record in this case. The Defendant's arguments primarily concern the record in the state court proceedings.

[2] Despite fourteen pages of argument (D.I. 178 at 1-14), Defendant scarcely addresses the basis for the Court's rulings. (*See* D.I. 180 at 4-8).

2

2013, to provided discovery responses to Plaintiff. (D.I. 153). Defendant has alleged nothing approaching good cause or excusable neglect as a basis to reopen discovery. Further, the specific documents identified in Defendant's motion are mostly, if not entirely, irrelevant to any issues remaining in this case. The Court therefore finds that Defendant has failed to raise appropriate grounds to support his motion. The Motion will be denied.

    An appropriate Order will issue.

                                                             *Richard G. Andrews*
                                                        UNITED STATES DISTRICT JUDGE

August 29, 2014
Wilmington, Delaware