IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION as Trustee for the Holders of the EQCC HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 1998-3 and SELECT PORTFOLIO SERVICING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LA MAR GUNN, <br><br> Defendant. | No. 11-cv-01155-RGA |

## MEMORANDUM ORDER

Plaintiffs moved for an Order compelling the deposition of Ernest R. Green. (D.I. 226). Defendant submitted a letter to the Court stating that while Mr. Green is unavailable to meet this week because of work commitments, he can provide a statement on the telephone at a time convenient for all the parties. (D.I. 229).

Plaintiffs rightfully argue that they are entitled to a face-to-face deposition of Mr. Green before trial. (D.I. 226 at 2). Defendant only revealed that he would call Mr. Green as a witness days ago at the November 7, 2014 pre-trial conference. Trial is set to begin in less than a week. It is true that Defendant listed Mr. Green as a witness in his proposed pre-trial order submitted on October 24, 2014 (D.I. 216 at 11), and Plaintiffs' counsel's responses at the pre-trial conference suggested that, at the very least, Plaintiffs had conducted preliminary background research into Mr. Green. It would seem, therefore, that the use of Mr. Green as a witness is not entirely a surprise for Plaintiffs.

Nonetheless, it is very concerning that Defendant seeks to use a witness at trial that Plaintiffs have not had an opportunity to depose. Plaintiffs have very reasonably provided two opportunities for Mr. Green to show up for a deposition, tomorrow and Friday, November 14, 2014 in Wilmington, Delaware. Mr. Green lives only 18 miles from Wilmington, and he would have to come to Wilmington in any case for trial next week.

If Defendant wishes to call Mr. Green as a witness at his trial, Plaintiffs must have an opportunity to depose Mr. Green in person, before trial. If Plaintiffs cannot depose Mr. Green, then Defendant cannot use him as a witness at trial.

In sum, for the above reasons, Plaintiffs' motion is **GRANTED**.[1]

Entered this 12th day of November, 2014.

Richard G. Andrews
United States District Judge

---

[1] The parties dispute whether Plaintiffs agreed to a telephone deposition. I only have argument on whether this occurred or not. The equities are with Plaintiffs on this issue. Thus, since I cannot resolve the factual dispute, I am going to assume that Plaintiffs should have that to which they are entitled under the rules, namely, an in-person deposition.